(52 South. 545.)

No. 17,674.

Succession of LANDERS et al.

(April 25, 1910. Rehearing Denied June 6, 1910.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS (§§ 29, 464*) — APPOINTMENT — ACCOUNTING—LIABILITY OF DECEASED ADMINISTRATOR'S ADMINISTRATRIX.

Where a major heir applies, in the district court of a country parish, for the administration of the successions of his parents, obtains an order for the publication of his application and for the making of an inventory, causes the inventory to be made and filed, and, there being no opposition, receives letters of administration, issued by the clerk, after which, assuming the quality of administrator, he obtains an order for the sale of succession property, to pay debts, and collects money due the successions, his answer, to a demand for an account, that he has never been appointed administrator, is not well founded. And, where such administrator dies, pending an appeal from a judgment ordering him to file an account, and his widow, administering his succession as natural tutrix of their minor children, makes herself party to the appeal, the obligation to account will be transferred to her.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1989; Dec. Dig. §§ 29, 464.*]

Appeal from Third District Court, Parish of Claiborne; B. P. Edwards, Judge.

Proceedings by heirs of E. and J. R. Landers to compel D. B. Landers to file an account as administrator, etc. From a judgment decreeing D. B. Landers to be the administrator and ordering him to file an account, he appeals. Pending appeal he died, and his widow, as such and as legal representative of his heirs, was substituted in his stead. Affirmed.

Richardson & Richardson, for appellant. Wimberly & Reeves, for appellee.

## Statement of the Case.

MONROE, J. This is a proceeding by three of the children, major heirs, of E. and J. R. Landers, to compel their brother, D. B. Landers, to file an account as administrator, to have him removed from office, and to obtain judgment against him for certain penalties for failure to deposit the funds of the succession in bank. His answer is that, though he took the oath and gave bond as administrator, he was never appointed and never acted as such; that the present assets of the succession consist of one horse and, say, 480 acres of land; that plaintiffs objected to the sale of the land; that he has been cultivating it and is willing to pay $50 a year for its use; that he is a judgment creditor of the successions in the sum of $640.54, with interest and attorney's fees; that he has paid a debt due by his late father, amounting to $160.50, with interest and attorney's fees; that he has paid taxes on the property of the successions since the death of his father (in 1900 or 1901); that the property is not divisible in kind, and he desires that it be sold in order to effect a partition. Wherefore, he prays that the par-

tition be ordered, the property sold, the amount due him allowed, and the balance distributed among the heirs.

It appears from the evidence that on April 4, 1905, defendant filed a petition alleging that his father had died some four years prior to that time; that his mother had died on February 25, 1905; that an administration of their estates was necessary; and praying that, after due advertisement and delays, he be appointed administrator, and that an inventory be ordered. The order for the publication of the application and for the taking of the inventory is indorsed on the petition. On April 25th the clerk of the court, and ex officio notary, was commissioned to take the inventory. On May 1st defendant took the oath and gave bond as administrator, and an order was made by the clerk, reading as follows:

"State of Louisiana, Parish of Claiborne. Whereas, by an order of court in and for said parish and state, D. B. Landers has been appointed administrator of the estates and successions of E. Landers and J. R. Landers, deceased, and has taken the oath and given bond as the law directs: Therefore, he is hereby fully authorized and empowered to do and perform all the duties incumbent on him by law in said capacity. Given under my hand and the seal of office, May 1, 1905.
"[Signed]          Drew Ferguson. C. D. C."

On the same day, in the capacity of administrator, defendant filed a petition alleging that it was necessary, in order to pay debts, to sell the property, movable and immovable, belonging to the successions, and an order to that effect was made. On May 25th the other heirs (present plaintiffs) filed a petition alleging that defendant had advertised the property for sale, and that they opposed the sale, because: (1) Said D. B. Landers had never been appointed administrator; (2) the pretended judgment in favor of "said D. B. Landers, in suit of 'Farmer's Union Cooperative Commercial Association v. E. Landers,' was, and is, an absolute nullity, for the reason that the judgment, pretended to be revived, had prescribed; and, further, that said pretended revival of said judgment was obtained by fraud and ill practice in giving the pretended acknowledgment of service a date three days prior to the real signing thereof, and there are ample assets to pay all just debts of said successions, without selling the property." The petition concludes with a prayer for an injunction, but none appears to have issued. The defendant had, however, accepted service of the petition before it was filed; and, thereafter, he appears to have taken no further steps looking to the sale of the property. In fact, nothing more was done in the successions until after April 6, 1908, when the opponents, by their counsel, appear to have moved to dismiss their opposition, though the motion, itself, is not in the record. On May 25, 1908, this proceeding was instituted. It was admitted on the trial that $600, collected by defendant for account of the successions, had not been deposited in bank, and the records showing the judgments referred to in defendant's answer were excluded as irrelevant. There was judgment decreeing defendant to be the administrator and ordering him to file an account, on or before May 3, 1909, and to pay costs, and dismissing the rule, in other respects, as in case of nonsuit. Defendant alone has appealed. Since the appeal was taken, defendant has died, and his widow, as such, and as the legal representative of his heirs, has been made party defendant in his stead.

### Opinion.

The application for administration and the order for the publication of the same were regular, and we find no defect or irregularity in the order of appointment. It was made by the clerk who (there being no opposition) was authorized to that effect, after a delay within which it will be presumed (there being no evidence to the contrary) that the proper publication was made. The oath and bond, also, are regular, and the defendant, there-

after, assuming the quality of administrator, prayed for, and obtained, an order for the sale of the property and acted as administrator in collecting funds due the successions.

The allegation, contained in the opposition which the plaintiffs filed, to the effect that D. B. Landers was not the administrator, seems to have been without foundation, so far as we can discover, and the opposition was, subsequently, dismissed by the opponents, themselves. Under the circumstances, we can see no reason why it should not now be held that the original defendant herein acquired the status and incurred the liability of administrator of the successions. As he is no longer living, the obligation imposed by the judgment appealed from must be transferred to his legal representatives. It is therefore ordered, adjudged, and decreed that the judgment appealed from be so amended as to transfer the obligation of accounting, thereby imposed, to Mrs. Mattie Landers, widow of D. B. Landers, deceased, administering his succession as natural tutrix of their minor children, and, as thus amended, that said judgment be affirmed, at the cost of the appellants.